■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE R. RILEY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 30, 1975, upon a verdict convicting defendant of the crimes of murder in the second degree, in violation of subdivision 3 of section 125.25 of the Penal Law, and two counts of robbery in the first degree, in violation of subdivisions 1 and 4 of section 160.15 of the Penal Law. Defendant's first contention on this appeal is that the court erred in denying his motion to suppress evidence of oral confessions. The court which conducted the *Huntley* hearing, observed the witnesses and their demeanor, accepted the testimony of the police officers who testified that defendant had been adequately advised of and knowingly and intelligently waived his *Miranda* warnings and rejected as unbelievable the testimony of defendant that he had been subjected to brutality. The court further found that the fact that the defendant's father was not granted the immediate right to see the defendant while he was in custody did not, on all the facts and circumstances, render the confessions involuntary. Credibility is, of course, for the determination of the trier of facts. Accepting the determination of the trial court that the testimony of the police officers was credible, and in the absence of any evidence other than defendant's contrary assertions, the record amply supports the conclusion that the People have sustained the burden of proving defendant's confessions were voluntary and were not

obtained in violation of his constitutional rights. As has been repeatedly held, the fact that a member of defendant's family sought to see him is relevant to the question of voluntariness but in no way controlling *(People v Hocking,* 18 NY2d 832; *People v Taylor,* 16 NY2d 1038). We find nothing in the record warranting a conclusion that the circumstances surrounding the visit of defendant's father to the police station demonstrate that defendant's confessions were involuntary. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.