■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CLICKNER, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered December 29, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant was charged with participating in the armed robbery of a Cumberland Farm Store located on Route 4 in the Town of North Greenbush on the night of June 9, 1981. The North Greenbush Police had a "stakeout" at the store at the time. At approximately 9:45 P.M. on that night defendant entered the store, walked around, made a purchase, and walked out. About one hour thereafter two armed men, later identified as Gary J. Belles and Jerry Warner, entered the store and robbed it. These two were captured at gunpoint outside the store as they were attempting to leave the scene. Belles was wounded by a shot fired by the police. Defendant was later found in a car parked behind a billboard about 200-300 yards from the store. As the police officer who apprehended him exited from his car, defendant immediately came out of his car with his hands raised. Thereafter, defendant, Belles and Warner were indicted on a charge of first degree robbery. Gary Belles entered a plea of guilty as charged shortly before trial and became the principal witness against defendant. Several other witnesses gave corroborative evidence tending to connect defendant to the crime. The jury found him guilty of robbery in the first degree. The court sentenced him to an indeterminate prison term of from 7 to 21 years. On this appeal, defendant claims that the trial court committed reversible error in (1) refusing to charge criminal facilitation in the second degree as a lesser included offense, (2) its charge regarding accomplice testimony, (3) failing to dismiss for insufficient independent evidence corroborating the accomplice's testimony, (4) failing to preclude or strike the testimony of the accomplice Belles. The trial court did not err in refusing to charge criminal facilitation as a lesser included offense. There was no reasonable view of the evidence which would allow a jury to find defendant guilty of the lesser offense but not the greater (see *People v*

*Henderson,* 41 NY2d 233, 236; *People v Green,* 80 AD2d 693, 694). The testimony of Belles shows that defendant had a specific intent to aid the robbery in that he discussed it beforehand with Belles and Warner, "cased" the store prior to the robbery, and was to share in the proceeds of the crime. Without Belles' testimony the evidence does not indicate an intent to aid in the commission of a crime as is required for conviction of criminal facilitation. Consequently, either the jury believed Belles' testimony and could find defendant guilty of robbery, or they could reject it and find him innocent. However, they could not accept it in part and reject it in part in these circumstances (*People v Scarborough,* 49 NY2d 364, 370-374). The trial court's charge as to the corroboration requirement for accomplice testimony was proper. Corroborative evidence must tend to connect defendant with the commission of the crime so as to reasonably satisfy the jury that the accomplice is telling the truth (see *People v Glasper,* 52 NY2d 970; *People v Cunningham,* 48 NY2d 938, 940). The trial court properly so charged here. Thirdly, review of the record indicates that there was sufficient independent evidence to corroborate the testimony of the accomplice (see *People v Smith,* 55 NY2d 945, 946; *People v Jones,* 76 AD2d 1007; *People v Goldfeld,* 60 AD2d 1). At trial, defendant asserted that his purpose in seeking to cross-examine the witness as to prior bad acts was merely to attack his credibility. The court properly limited such examination since such cross-examination for the purpose of attacking credibility is generally held to be collateral and a denial thereof is not considered a denial of the right of confrontation (see *People v Acomb,* 87 AD2d 1, 8; *People v Farruggia,* 77 AD2d 447, 452). However, on this appeal defendant now asserts for the first time that his intent in such cross-examination was to establish that a deal had been made to grant the witness immunity for acts in exchange for testimony. This would be evidence of bias and defendant's right of confrontation would be violated if such cross-examination was unduly limited (see *Davis v Alaska,* 415 US 308; *People v Gissendanner,* 48 NY2d 543, 548; *People v Acomb, supra; People v Davis,* 86 AD2d 956). Defendant, however, in failing to raise the newly asserted grounds at trial has not preserved the new issue for appellate review (*People v Liccione,* 50 NY2d 850). And, although this court may review the issue in the exercise of its discretion and in the interests of justice (*People v Maschi,* 49 NY2d 784), we decline to do so since the witness Belles' motive for testifying favorably to the prosecution was amply presented to the jury for its consideration. Belles had already testified that he expected consideration in sentencing for his testimony. Belles, by refusing to answer the questions relating to prior bad acts propounded at the trial, demonstrated to the jury that he feared prosecution for those acts, that he possibly could be prosecuted, and that, thus, he had an additional motive to please the prosecution by his testimony in this case. Accordingly, further questioning along these lines would only be cumulative in nature. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.