■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BALLARD, Also Known as STEPHEN JOHNSON, Appellant.—Appeal by defendant from three judgments of the County Court, Suffolk County (Mallon, J.), all rendered August 29, 1984, convicting him of six counts of burglary in the second degree (two counts under each indictment), upon his pleas of guilty, and imposing sentence.

Judgments affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BAUM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered June 22, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that his constitutional right to confrontation was violated by the court's refusal to strike the testimony of a prosecution witness who, upon cross-examination, asserted her privilege against self-incrimination. Any motive the witness had for testifying adversely to defendant was amply presented to the jury for its consideration, and thus further questioning would have been cumulative in nature *(see, People v Clickner,* 95 AD2d 925, 926). The defense had an adequate opportunity to present its theory that the witness was biased.

Defendant further contends that the court erred in receiving certain rebuttal testimony into evidence. In the light of the overwhelming evidence of guilt, the court's ruling was harmless beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327).

We have examined defendant's remaining contention and find it to be without merit. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.