■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PADILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered March 15, 1982, convicting him of burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement.

Judgment affirmed.

The defendant broke into the complainant's apartment using a lock pick, but when he stepped inside, he encountered the complainant who threw a tennis racket at him. The defendant turned and ran but the complainant chased him and caught him 1½ blocks away. During the ensuing struggle, the defendant pulled out a knife and stabbed the complainant in the stomach and ankle. Nevertheless, the complainant managed to subdue the defendant and hold him until the police arrived. The arresting officer and his partner put both men in their patrol car and returned to the complainant's apartment building where one of the officers accompanied the complainant inside, leaving his partner in the car with the defendant. The officer in the car with the defendant informed him of his right to remain silent and his right to an attorney, but did not ask him any questions. When the other police officers arrived at the building to investigate the crime, the officer in the car called on his radio to his partner inside and asked him which apartment the complainant lived in. The defendant, who was sitting in the back seat of the patrol car, answered, "it's on the top floor, to the right". The defendant moved to suppress his inculpatory statement on the grounds that it was the product of custodial interrogation or its functional equivalent and that it was not preceded by a completely informed and voluntary waiver of his rights pursuant to

*Miranda v Arizona* (384 US 436). We agree with Criminal Term's rejection of this argument and its determination not to suppress this statement. Although the officer's incomplete recitation of the defendant's *Miranda* rights was not legally sufficient, his question over the radio addressed to his partner was clearly not "intended to induce or coerce a response, nor was the atmosphere * * * of such a nature as to require the officer * * * to have reasonably anticipated that it would evoke [an answer] from the defendant" *(People v Bryant,* 87 AD2d 873, 874-875, *affd* 59 NY2d 786). The statement was entirely spontaneous and unprovoked, and its admission into evidence at the trial was proper *(see, People v Bretts,* 111 AD2d 864; *cf. People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). Criminal Term invoked the so-called *Sandoval* compromise in allowing the prosecutor to elicit from the defendant only the fact that he had been convicted of one felony and three misdemeanors *(see, People v Sandoval,* 34 NY2d 371). By the ruling, Criminal Term sought to minimize the prejudicial impact of the defendant's record and properly excercised its discretion *(see, People v Jackson,* 108 AD2d 757). Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.