■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPHO CASIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 7, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress certain statements.

Justice Thompson has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

The defendant contends that two confessions made to the police shortly after his arrest should have been suppressed. However, great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses (People v Prochilo, 41 NY2d 759, 761), and that determination should not be disturbed where it is supported by the record (People v Gee, 104 AD2d 561, lv denied 64 NY2d 759). We have reviewed the record in this case and conclude that suppression of the two confessions was properly denied because the evidence supports the suppression court's determination that the defendant was properly advised of his Miranda rights and voluntarily confessed. Moreover, the confessions were not made under circumstances violative of the defendant's right to counsel. Although the arresting officer was aware that the defendant was facing another criminal charge at the time of his arrest, his inquiry elicited a response from the defendant that the pending case had been closed and, therefore, the officer was entitled to end his inquiry (see, People v Marshall, 98 AD2d 452; see also, People v Lucarano, 61 NY2d 138). In addition, notwithstanding the defendant's claim that certain of his family members were denied access to him while he was in police custody, there is no evidence in the record that his family, who knew where the defendant was being held, ever attempted to retain counsel for him, nor did the defendant ever seek to communicate with them, and there is simply no suggestion of "a pattern of isolation and trickery designed to keep the defendant from obtaining counsel" (People v Fuschino, 59 NY2d 91, 100; cf. People v Bevilacqua, 45 NY2d 508; People v Townsend, 33

NY2d 37). There is no requirement that police officers permit family members of a competent adult in custody to communicate with him *(People v Crimmins,* 64 NY2d 1072, 1073), and the denial of such access is "germane, but in no wise controlling on the question of voluntariness" *(People v Hocking,* 18 NY2d 832, 833; *see also, People v Taylor,* 16 NY2d 1038, 1039-1040; *People v Riley,* 55 AD2d 987, 988).

Notwithstanding the denial of his motion to suppress, the defendant was entitled to attempt to establish at trial that evidence of his confessions should be disregarded by the trier of fact on the ground that they had been involuntarily made (CPL 710.70 [3]; 60.45; *People v Graham,* 55 NY2d 144; *People v Ruffino,* 110 AD2d 198). For that purpose, the defendant adduced testimony at the trial from his mother and sister to the effect that they had attempted to see the defendant at the precinct and had been prevented from doing so by the police. However, the trial court instructed the jury to disregard the testimony of the defendant's mother as having "no bearing on the issue of voluntariness". Because the denial of access by family members to the accused is relevant to the determination of voluntariness *(People v Hocking, supra; People v Taylor, supra; People v Riley, supra),* that instruction was improper. Nevertheless, the jury was permitted to consider the testimony of the defendant's sister regarding the same subject, in its entirety, without any similar limiting instructions from the court. Moreover, the court's instructions to the jury on the issue of voluntariness, and its marshaling of the evidence adduced by each party on that issue, were fair and proper. We conclude, therefore, that the erroneous charge was harmless *(see, People v Crimmins,* 36 NY2d 230).

We have considered defendant's remaining contentions, including those raised *pro se,* and find them to be without merit. Mollen, P. J., Mangano, Thompson and Bracken, JJ., concur.