THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NOWLIN, Appellant█

Contrary to the defendant's contention, the evidence adduced, when viewed most favorably to the People, was sufficient to establish the defendant's guilt beyond a reasonable doubt. As this court has frequently observed, "[i]t is well established that the standard for reviewing the legal sufficiency of the evidence in a criminal case is whether, after viewing the evidence most favorable to the prosecution, any rational trier of fact could have found that the defendant's guilt of the charged crimes had been proven beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319 * * * *People v Lewis,* 64 NY2d 1111, 1112 * * * *People v Malizia,* 62 NY2d 755, 757 *[cert denied* 469 US 932]; *People v Contes,* 60 NY2d 620, 621)" *(People v Bauer,* 113 AD2d 543, 548; *People v Bigelow,* 106 AD2d 448, 449). At bar, the unexplained presence of the defendant's fingerprint found on a credit card receipt in the decedent's vehicle together with certain inculpatory statements the defendant made in a tape-recorded conversation, provided an adequate evidentiary basis from which the jury could infer that he participated in the crimes charged *(cf. People v Gates,* 24 NY2d 666, 669; *People v Gilbert,* 106 AD2d 460, 461).

Moreover, we reject the defendant's contention that the court improperly circumscribed his right to cross-examine a prosecution witness. The record discloses that any motive the witness may have had for testifying adversely to the defendant was amply presented to the jury for consideration through the defense counsel's cross-examination *(cf. People v Baum,* 114 AD2d 505).

Further, we find no error in the court's admission of two black and white photographs depicting the decedent as found by the police. The pictures, which cannot be characterized as gruesome or lurid, were probative in that they complemented the People's medical testimony which sought to establish that the condition in which the victim was left by the assailants after the robbery contributed to the heart attack which caused his death *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Parsons,* 112 AD2d 250, 251; *cf. People v Ferris,* 105 AD2d 1136).

Finally, we are of the view that, under the circumstances, the sentence imposed at bar is neither harsh nor excessive *(see, People v Hyde,* 110 AD2d 716). The defendant's remaining contentions are either unpreserved for appellate review or lack merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.