■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUIDO CEIRO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 14, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his Sixth Amendment right to confrontation by the trial court's refusal to sign a subpoena for the Family Court records of the witness Leon Hughes. We disagree. First, we note that the defendant's contention, advanced for the first time on appeal, that he wished to obtain the records in order to question Hughes about possible biases motivating his testimony is unpreserved for review since he contended at trial that the purpose of obtaining the records was that of attacking Hughes' general credibility *(see, People v Clickner,* 95 AD2d 925). Second, the record shows that complete cross-examination concerning the incident underlying the Family Court adjudication was permitted at trial. We find no abuse of discretion in the trial court's refusal to permit further exploration of this collateral issue *(see, Delaware v Van Arsdall,* 475 US —, 106 S Ct 1431; *People v Gissendanner,* 48 NY2d 543).

The trial court correctly permitted the prosecutor to elicit testimony that the witness Hughes had first made a statement to the police on or about February 9, 1984, after the defense attorney raised the inference that Hughes had recently fabricated his testimony in order to gain favor with the District Attorney's office *(see, People v Davis,* 44 NY2d 269). The defendant's remaining arguments concerning alleged improper bolstering are either unpreserved or without merit.

In conclusion, we find that the sentence imposed was appropriate under the circumstances of the case *(see, People v Suitte,* 90 AD2d 80). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.