■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD BLASICH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 19, 1986, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Harrington, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements and physical evidence.

Ordered that the judgment is affirmed.

The record supports the hearing court's determination that the defendant voluntarily accompanied the police and submitted to questioning regarding the murder under investigation (see, Matter of Kwok T., 43 NY2d 213, 219; People v Lopez, 95 AD2d 241). Furthermore, the fact that there were outstanding charges to which the defendant's right to counsel had attached did not preclude questioning on new charges, unless the police knew or had reason to know defendant was actually represented on the other charges (see, People v Lucarano, 61 NY2d 138, 145, rearg denied sub nom. People v Walker, 62 NY2d 803). At bar, the investigating detective specifically

inquired of the defendant whether there were any criminal charges pending against him and the defendant replied that there were none. In light of the foregoing, it was reasonable for the police to rely on the defendant's responses (cf., People v Shavers, 69 NY2d 766; People v Lucarano, supra; People v Casiano, 123 AD2d 712, lv denied 69 NY2d 744).

Finally, notwithstanding the search warrant's failure to particularly describe one of the items seized, i.e., sneakers, the circumstances indicate the evidence was properly seized as part of the clothing for which the police were searching (see, Coolidge v New Hampshire, 403 US 443, 465, reh denied 404 US 874; People v Neulist, 43 AD2d 150). Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.