■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID APARICIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered February 7, 1986, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The hearing court's denial of that branch of the defendant's omnibus motion which was to suppress certain statements was proper. There is no indication in the record that the police made any remark or engaged in any conduct which was reasonably likely to elicit a response from the defendant (see, People v Ferro, 63 NY2d 316, cert denied 472 US 1007). Instead, the defendant's custodial statements were unprovoked and spontaneous. Thus, their admission into evidence at trial was proper (see, People v Padilla, 123 AD2d 364, lv denied 69 NY2d 715).

Notwithstanding the denial of that branch of his omnibus motion which was to suppress, the defendant was entitled to attempt to show at trial that his inculpatory statements should be disregarded by the jury as involuntarily made (see, CPL 710.70; Crane v Kentucky, 476 US 683; People v Graham, 55 NY2d 144; People v Casiano, 123 AD2d 712, lv denied 69

NY2d 744). Therefore, we find that the trial court improperly restricted the defendant's cross-examination of the arresting officer concerning the circumstances under which the defendant's admissions were made. However, reversal is not warranted since the facts relevant to the issue of the voluntariness of the defendant's statements were established upon direct examination and were fully explored during the defendant's summation. Moreover, the court properly charged the jury on the issue of voluntariness and its marshaling of the evidence adduced by each party on that issue was accurate. Consequently we find that the error in restricting cross-examination with respect to the voluntariness of the statement was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Casiano, supra).* Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.