■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN DOVE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington,

J.), rendered October 11, 1988, convicting him of kidnapping in the first degree and grand larceny in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that an inculpatory statement that he made to the police at the time of his arrest should have been suppressed because it was a product of custodial interrogation conducted with police knowledge that he was represented by counsel. We disagree. When police know that a defendant is represented by counsel on the charge for which he is held, they may not question him in the absence of counsel, and, if they do, any statements resulting from such an interrogation must be suppressed *(People v Donovan,* 13 NY2d 148; *see also, People v Hobson,* 39 NY2d 479). On the other hand, a spontaneous statement is admissible despite the right to counsel having already attached *(see, People v Samuels,* 49 NY2d 218; *People v Aguanno,* 125 AD2d 579, 580). The spontaneity "has to be genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" *(People v Maerling,* 46 NY2d 289, 302-303; *see, People v Lanahan,* 55 NY2d 711, 713). Here, no questions were asked of the defendant concerning the facts of the kidnapping. Rather, it was the defendant who directed a series of questions at the police. The officer answered the questions with one-sentence responses. These answers were declarative in nature and would not normally call for any reply. Thus, there was no reason for the officer to believe that his own declarative responses would be likely to elicit any declarative statement from the defendant. Accordingly, the court properly found that the defendant's incriminating statement was volunteered.

The defendant's claim that the trial court improvidently exercised its discretion in refusing to authorize a subpoena for documents from the office of the United States Attorney, Eastern District of New York, relating to any criminal conduct or alleged criminal conduct by the complainant, which would have formed the basis for the impeachment of the witness. The denial was based on the admittedly overbroad form of the subpoena *(see, People v Gissendanner,* 48 NY2d 543, 549; *People v Chang Gee Kim,* 144 AD2d 572, 574; *Matter of Gelderman,* 111 AD2d 332, 333). The court specifically granted the defendant leave to resubmit a more narrowly

drafted subpoena for reconsideration. No new subpoena was ever submitted. By conceding the infirmity in the original subpoena and then failing to remedy it, the defendant abandoned his claim and it is unpreserved for appellate review *(see, People v Russell,* 71 NY2d 1016, 1018; *People v Terry,* 148 AD2d 478, 478-479). Furthermore, the defendant was already in possession of a Federal complaint, giving him sufficient information with which to cross-examine the complainant. The request, therefore, was for cumulative material *(see, People v Gissendanner, supra; People v Ceiro,* 126 AD2d 553).

During cross-examination, the complainant invoked her Fifth Amendment privilege on several occasions, when questioned about her alleged narcotics-related activities. The court at that time instructed the jury that no inference was to be drawn from her exercise of the privilege. The defendant contends that he was deprived of a fair trial because the court denied his request for an instruction in its charge to the jury that a witness's invocation of the privilege against self-incrimination can be taken into consideration when assessing the credibility of the witness. We find that any error in this regard was harmless as there is no significant probability that the defendant would have been acquitted if the requested instruction had been delivered *(see, People v Crimmins,* 36 NY2d 230). The complainant's testimony did not directly implicate the defendant in the kidnapping. Instead, the evidence linking the defendant to the kidnapping was primarily provided by his tape-recorded ransom demands. Furthermore, the complainant invoked the privilege on matters that were collateral to the charges against the defendant.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.