■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK BROWN, Appellant. [604 NYS2d 578] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 10, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years imprisonment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BROWN, Also Known as ISAIAH, Appellant. [604 NYS2d 194] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 11, 1991, convicting him of burglary in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and other individuals burst into the com-

plainants' motel room, where the complainants resided with their baby. The defendant and his companions beat one of the complainants and exited the premises with the other complainant's purse.

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

During cross-examination, one of the victims invoked her Fifth Amendment privilege on several occasions, when questioned about her prior narcotics-related activities. The defendant contends that the court's denial of his request for an instruction to the jury that a witness's invocation of the privilege against self-incrimination can be taken into consideration when assessing the credibility of the witness was reversible error. We find that any error in this regard was harmless, as there is no significant probability that the defendant would have been acquitted if the instruction had been delivered (see, People v Crimmins, 36 NY2d 230; People v Dove, 176 AD2d 266). The witness invoked the privilege on matters that were collateral to the charges against the defendant, admitted to prior drug crimes, and had testified to much of the information which was the subject of the questions that she later declined to answer.

We find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.