THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON ROPER, Appellant. [617 NYS2d 44] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 28, 1993, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain of his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly found that his incriminatory statements to the arresting officer at a Brooklyn station house a few hours after his arrest, which he made without receiving *Miranda* warnings, were spontaneous and not the product of custodial interrogation or its functional equivalent. The arresting officer's inquiry to the defendant, to the effect of "yeah, what's up?" several minutes after the defendant had told the officer that he wanted to tell him something, was not reasonably likely to elicit an incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Rivers,* 56 NY2d 476; *People v Lynes,* 49 NY2d 286; *People v Dove,* 176 AD2d 266).

Moreover, the statements made by a Nassau County police officer to the defendant during a conversation the defendant had initiated while he was being transported to a Nassau County station house subsequent to his arraignment in Kings County, were merely responsive to the defendant's questions and comments concerning why he was being taken to Nassau County and the nature of the charges facing him in Nassau County. Accordingly, the court's refusal to suppress the defen-

dant's statements, made in response to the officer's comments, was similarly proper *(see, People v Rivers,* 56 NY2d 476, 480, *supra; People v Lanahan,* 55 NY2d 711, 714; *see, e.g., People v Hampton,* 129 AD2d 736, 737).

We have examined the defendant's contention that the sentence imposed was unduly harsh and excessive and find it to be without merit *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.