■ The People of the State of New York, Respondent, v Ronald Hope, Appellant. [726 NYS2d 166] —Lahtinen, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered October 30, 1998, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In March 1998, defendant, an inmate at Washington Cor-

rectional Facility in Washington County, was observed to be in possession of a sharpened piece of metal. Correction Sergeant Joseph Trackey was called to defendant's location to investigate the incident. Upon Trackey's arrival, defendant was immediately handcuffed and escorted to a different building where Trackey proceeded to question defendant regarding the incident. It is not disputed that defendant was never given any *Miranda* warnings by Trackey and, during the interview, he admitted possession of the sharpened piece of metal which was determined to be contraband.

Defendant was indicted for promoting prison contraband in the first degree and thereafter moved to suppress the admission that he had made to Trackey. At the conclusion of the suppression hearing, County Court denied defendant's motion, determining that "the status of defendant's custody did not change prior to or during the interview," there was nothing exceptional about the brief interview, which it variously described as investigative, nonargumentative and not threatening, intimidating or coercive, and that defendant's statement was voluntary. Immediately following County Court's ruling, defendant pleaded guilty to attempted promoting prison contraband in the first degree, and he thereafter received an indeterminate prison term of 1½ to 3 years, to run consecutively to his undischarged sentence. Defendant now appeals.

On appeal defendant argues, *inter alia*, that County Court erred by denying his suppression motion. Under the circumstances here presented, we hold that defendant's statements to Trackey should have been suppressed and we therefore reverse.

Defendant claims that he was in custody when he admitted to Trackey that he found the sharpened piece of metal, picked it up and had it in his hand for a brief period and, therefore, these statements were improperly obtained because he was not afforded his *Miranda* warnings. In *People v Alls* (83 NY2d 94, *cert denied* 511 US 1090), the Court of Appeals established an "additional restraints" test to determine whether a custodial situation would exist necessitating *Miranda* warnings with regard to the questioning of an inmate already confined to a correctional facility. This test requires a showing "that the circumstances of the detention and interrogation 'would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement'" (*People v Ward*, 241 AD2d 767, 768, *lv denied* 91 NY2d 837, quoting *People v Alls, supra*, at 100).

Upon being observed in the facility shop with the metal

object by a civilian supervisor, defendant was immediately escorted from his work area by facility personnel to await Trackey's arrival. When Trackey arrived, he handcuffed defendant, who was then driven to a different building where Trackey questioned him about the incident. Although the handcuffs were removed prior to the 10 minute interview (*see, People v Alls, supra,* at 101), it is not disputed that defendant was not given *Miranda* warnings, there is no indication that defendant was told that the interview was voluntary or that he could leave the room at any time (*see, People v Ward, supra,* at 768) and he was not informed, until the conclusion of the interview, that there was a possibility of outside charges resulting from the incident (*see, e.g.,* 7 NYCRR 251-3.1 [d] [1]). Moreover, the record reveals that County Court found that defendant had been "apprehended," compelled to accompany Trackey under restraint and held in an isolated setting. On these facts, we disagree with County Court's characterization of the circumstances surrounding Trackey's questioning of defendant as routine (*see,* 7 NYCRR 251-1.1) and find that defendant could have reasonably believed that his freedom was restricted over and above that of ordinary confinement. Accordingly, *Miranda* warnings should have been administered and, in their absence, County Court erred in not suppressing defendant's incriminating statements to Trackey.

Nor are we of the opinion that such error was harmless. Immediately after County Court's denial of his suppression motion, defendant pleaded guilty to a lesser included offense. Although the "harmless error rules * * * are difficult to apply to guilty pleas" (*People v Coles,* 62 NY2d 908, 910), in light of the People's failure to obtain a concession from defendant that the denial of his suppression motion did not influence his decision to plead guilty and to negotiate a waiver of defendant's right to appeal the denial of his suppression motion in exchange for allowing him to plead to a lesser charge, any attempt to conclude that County Court's erroneous denial of defendant's suppression motion was harmless would be speculative and requires reversal of his judgment of conviction (*see, id.; People v Carpenter,* 213 AD2d 747).

Finally, our reversal of defendant's judgment of conviction renders defendant's challenge to the harshness of his sentence academic.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated, motion to suppress granted and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.