◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant. [853 NYS2d 815]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the

first degree (Penal Law § 205.25 [2]), arising from his possession of a dangerous weapon while he was an inmate at a correctional facility. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that reversal is required based on County Court's refusal to suppress a statement allegedly made by defendant to a correction sergeant shortly after the discovery of the weapon in the pocket of defendant's pants. At the *Huntley* hearing, the correction sergeant testified that, while a correction officer was conducting a pat-down search of defendant, defendant ignored directions to stand still and an altercation ensued. Defendant was eventually subdued and handcuffed, and a second correction officer completed the pat-down search and retrieved a weapon from the pocket of defendant's pants. Defendant was then taken to a lobby area outside the presence of other inmates, where he waited with the correction sergeant for someone to escort defendant to the Special Housing Unit. While they were waiting in the lobby, the correction sergeant "questioned [defendant] on his behavior, what happened, [and] why he did what he did," to which defendant replied, "Yeah, that's right. I did it." We conclude that, under those circumstances, "defendant could have reasonably believed that his freedom was restricted over and above that of ordinary confinement" (*People v Hope*, 284 AD2d 560, 562 [2001]; *see People v Alls*, 83 NY2d 94, 100 [1993], *cert denied* 511 US 1090 [1994]). *Miranda* warnings were thus required (*see Alls*, 83 NY2d at 100), but the correction sergeant failed to administer them. Furthermore, his inquiry of defendant was not merely a threshold crime scene inquiry designed to clarify the situation, nor was it "purely investigatory in nature" (*People v Mayerhofer*, 283 AD2d 672, 674 [2001]; *cf. People v Morales*, 216 AD2d 154, 154-155 [1995]). Rather, it was likely that the inquiry would elicit evidence of a crime and, indeed, it did elicit an incriminating response. We further agree with defendant that the error in the admission of his statement is not harmless beyond a reasonable doubt, inasmuch as there is a reasonable possibility that "defendant's statement influenced the verdict" (*Alls*, 83 NY2d at 104; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). We therefore reverse the judgment, grant that part of the omnibus motion of defendant seeking to suppress his statement and grant a new trial on count one of the indictment.

In view of our determination to grant a new trial, we review the contention of defendant that he is entitled to a change of venue upon the retrial. Insofar as defendant may be deemed to

have made a pre-voir dire motion to change venue pursuant to CPL 230.20, we conclude that defendant failed to meet his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Wyoming County (CPL 230.20 [2]). If, however, it becomes apparent during the voir dire at defendant's retrial that a fair and impartial jury cannot be drawn, defendant may then make an appropriate application (*see People v Mateo*, 239 AD2d 965 [1997]; *People v Scott*, 197 AD2d 936 [1993]). In view of our determination, we do not address defendant's remaining contentions. Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.