◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. LATIMER, Appellant. [904 NYS2d 763]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 26, 2006, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and assault in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

At about 2:30 A.M. on January 7, 2002, the defendant entered a Sunoco gas station at 356 North Plank Road in Newburgh,

Orange County, where he took money from the cash register and shot the clerk twice in the leg. After an investigation, the police identified the defendant as a suspect, and Detective David Fernandez went to arrest the defendant on January 8, 2002. The defendant emerged from the front door and stepped out onto the front porch of his apartment building, and saw Fernandez. The defendant said: "If you're here for me, I saw the picture, I know why you're here. I saw my picture in the paper, too." Fernandez drew his gun and pointed it at the defendant as soon as the defendant had walked outside and started talking. After being advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), the defendant confessed to the robbery, and recorded an audiotaped confession. The County Court denied the defendant's motion to suppress these statements.

The audiotaped confession was played for the jury at trial. Detective Richard Pretsch, who was in the interrogation room when the defendant made his audiotaped confession, testified that the defendant confessed to the robbery at the Sunoco station and to shooting the clerk twice.

The credibility determinations of a.hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Martinez*, 58 AD3d 870 [2009]; *People v McCovey*, 281 AD2d 644 [2001]; *People v Prochilo*, 41 NY2d 759 [1977]). Here, contrary to the defendant's contention in his supplemental pro se brief, the County Court properly denied that branch of the defendant's motion which was to suppress his initial statement to Detective Fernandez, as that statement was spontaneous and not the product of inducement by the police (*see People v Roper*, 208 AD2d 571 [1994]; *People v Hylton*, 198 AD2d 301 [1993]; *see generally People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985], citing *Rhode Island v Innis*, 446 US 291, 301 [1980]). The defendant's remaining statements to the police were made after he knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]).

Contrary to the defendant's contention, Detective Pretsch's testimony regarding the defendant's confession did not constitute improper bolstering of the audiotaped evidence (*cf. People v Davis*, 44 NY2d 269, 277 [1978]; *People v Singh*, 276 AD2d 503 [2000]; *see generally Vaden v Rose*, 4 AD3d 468 [2004]).

The defendant's contention that he was deprived of a fair trial due to the prosecutor's summation comments is unpreserved for appellate review (*see People v Jones*, 9 AD3d 374 [2004]). In any event, the defendant's contention is without

merit (*see generally People v Hines*, 3 AD3d 580 [2004]; *People v McHarris*, 297 AD2d 824, 825 [2002]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.