THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL TAYLOR, Appellant. [920 NYS2d 154]—

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials. The Supreme Court properly found that the defendant's initial statements to police officers when they first encountered him, and after he and his brother

followed the officers back to their car, were admissible since the defendant was not then in custody. The record reveals that the defendant would reasonably have believed that he was free to leave the presence of the police at those times (*see People v Brown*, 295 AD2d 442, 443 [2002]). The defendant's subsequent statements to a police sergeant, made as he sat handcuffed in a police car, were also admissible since the record demonstrates that those statements were spontaneous and not the product of police interrogation or its functional equivalent (*see People v Fernandes*, 62 AD3d 721, 721 [2009]; *People v Patterson*, 48 AD3d 487, 488 [2008]; *see also People v Lynes*, 49 NY2d 286, 294-295 [1980]). Furthermore, the defendant's oral and written statements to a detective at the police precinct were admissible since they were made after he knowingly and intelligently waived his *Miranda* rights (*see People v Latimer*, 75 AD3d 562, 563 [2010]; *see also Miranda v Arizona*, 384 US 436 [1966]).

The defendant's challenge to the racial composition of the jury panel was waived by his failure to make that challenge in writing prior to the selection of the jury (*see* CPL 270.10 [2]; *People v Messiah*, 247 AD2d 490, 491 [1998]; *People v Branch*, 244 AD2d 562, 562 [1997]; *People v Battle*, 221 AD2d 648, 648 [1995]).

The defendant's contention that the evidence was legally insufficient to support his convictions of gang assault in the first degree and assault in the first degree is unpreserved for appellate review (*see People v LaGuerre*, 29 AD3d 820, 821 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83-85 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.