# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

790

KA 09-01205

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

JOHNNY L. ANTHONY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered January 21, 2009.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).  Contrary to defendant's contention, County Court properly refused to suppress his statement made to the police despite the fact that he had not yet been advised of his *Miranda* rights.  The record of the suppression hearing establishes that a police officer approached defendant in the parking lot of his place of employment following the officer's receipt of a report that defendant possessed a handgun.  Defendant denied that he possessed a weapon and, following a pat-down search of his person (*see* CPL 140.50 [1], [3]; *People v De Bour*, 40 NY2d 210, 223), he consented to a search of his lunch box and his vehicle.  Following the discovery of the weapon in the vehicle, an officer asked defendant whether he knew what had been found, to which defendant replied that the weapon belonged to his brother and that defendant carried it for protection.

It is axiomatic that "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by *Miranda*" (*People v Huffman*, 41 NY2d 29, 33).  Although the officer's question was accusatory rather than investigatory in nature inasmuch as it was likely to elicit an incriminating response (*see People v Brown*, 49 AD3d 1345, 1346), we nevertheless conclude that the court properly determined that

defendant was not in custody when he made the incriminating response. "The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (*People v Paulman*, 5 NY3d 122, 129; *see People v Taylor*, 82 AD3d 1133).  Here, defendant voluntarily consented to the search of his vehicle and stood, unrestrained, in the parking lot of his place of employment while the search was conducted (*see generally Taylor*, 82 AD3d at 1133-1134).  Under these circumstances, we conclude that the court properly determined that defendant was not in custody when he made the statement and thus that the police were not obligated to advise him of his *Miranda* rights at that time.

Entered:  June 10, 2011                         Patricia L. Morgan
                                                 Clerk of the Court