■ The People of the State of New York, Respondent, v James T. Wilson, Appellant. [17 NYS3d 649]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered April 19, 2012, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence presented at the *Huntley* hearing (*People v Huntley*, 15 NY2d 72 [1965]) supported the County Court's finding that the defendant's statement to a detective during the booking process was spontaneous and not the result of custodial interrogation or its functional equivalent (*see People v Williams*, 97 AD3d 769, 770 [2012]; *People v Taylor*, 82 AD3d 1133, 1134 [2011]; *People v Latimer*, 75 AD3d 562, 562-563 [2010]; *People v Roper*, 208 AD2d 571, 571 [1994]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress that statement (*see People v Padilla*, 123 AD2d 364, 364-365 [1986]).

The defendant did not preserve for appellate review his contention that his plea of guilty was not knowingly, voluntarily, and intelligently made (*see People v McFarren*, 83 AD3d 1209, 1209 [2011]). In any event, the record demonstrates that the defendant understood the proceedings and was not impaired by the medication he was taking (*see People v Gordon*, 107 AD3d 739, 740 [2013]).

The defendant's contention that he was deprived of his right to the effective assistance of counsel is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Folger*, 110 AD3d 736, 736 [2013]).

The sentence imposed is not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.