The People of the State of New York, Respondent,
against
Walter Latson, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Michael A. Ciaffa, J.), rendered September 16, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal trespass in the third degree.




ORDERED that the judgment of conviction is affirmed.
At approximately 9:38 a.m. on November 17, 2011, defendant parked in one of the parking lots of Westbury High School and approached one of the locked doors on the north side of the building. After defendant entered the building, the assistant principal met with the school district's supervisor of security. They decided to call for a lock down of the school. The lock down ended after it had been determined that defendant had left the building. Defendant was subsequently arrested and charged with criminal trespass in the third degree in that he had entered the school "in violation of conspicuously posted rules or regulations governing entry and use thereof" (Penal Law § 140.10 [b]).
At a nonjury trial, the prosecution called two witnesses—the assistant principal, and the supervisor of security. The assistant principal testified that a substitute teacher had let defendant into the building, by opening a locked door on the north side of the building, even though the assistant principal had signaled the teacher not to do so. The assistant principal could not recall whether there were signs on the north side of the school building where defendant had entered, and that, as far as she remembered, upon viewing videotapes from the school's security cameras, the door defendant had entered had no sign before it. The supervisor of security testified that a sign with a white background and black lettering on the north side of the building indicated that all visitors must go to the front of the building, sign in and obtain a visitor's pass. 
On the following day of trial, notwithstanding that the prosecution had not rested, defendant pleaded guilty to criminal trespass in the third degree. However, prior to sentencing, defendant, acting pro se, sent a letter to the District Court seeking to withdraw his plea. Counsel orally joined in that application before defendant was sentenced. The motion was denied. On appeal, defendant contends that the motion to withdraw his plea should have been granted, because there was no evidence presented that there were "conspicuously posted" signs containing "rules or regulations governing entry and use" (Penal Law § 140.10 [b]) of the school at the door through which he had entered the school. The signs above the doors of the school were not "Do Not Enter" or "No Trespass" signs, thereby negating an element of criminal trespass in the third degree. Thus, he was innocent of the crime. Defendant further contends that he was denied the [*2]effective assistance of counsel because counsel did not wait until the prosecution had rested their case before moving to dismiss the charge based on legal insufficiency, which motion would have been meritorious. Defendant's claims are without merit.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Howard, 109 AD3d 487, 487 [2013]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]). It is only where "the record raises a legitimate question as to the voluntariness of the plea [that] an evidentiary hearing is required" (People v Brown, 14 NY3d at 116).
After the testimony of two prosecution witnesses was presented, but before the People rested, defendant, "[i]n return for surrendering the right to put the prosecution to its proof at a trial and for giving up the possibility of acquittal," received "consideration . . . in the form of a sentence more lenient than might reasonably be expected upon a conviction after trial" (People v Grant, 61 AD3d 177, 183 [2009]). At the plea proceeding, defendant acknowledged that he had had a chance to discuss the plea with his attorney. He understood that a plea of guilty was the same as if he had been convicted after trial, and that by pleading guilty he was giving up his right to have the trial completed and have a decision from the court on the allegations made against him. He stated that nobody forced him to plead guilty. Defendant answered "[y]es, I did," when the District Court asked if he was pleading guilty to the facts of the particular offense, that he had entered a school building, Westbury High School, unlawfully in violation of conspicuously posted rules and regulations governing entry. Thus, "the plea colloquy reveals that defendant knowingly and voluntarily admitted the factual allegations" of the crime, including that there were signs posting rules governing entry, "and made no protest of innocence" (People v Haffiz, 19 NY3d 883, 884-885 [2012]). Nor does this case present the rare instance where a hearing on defendant's motion was required. Moreover, "any misapprehension by the defendant as to the nature of the evidence against him was not a sufficient ground to vacate his plea" (People v Smith, 105 AD3d 1065, 1066 [2013]; see People v Jones, 44 NY2d 76 [1978]).
Thus, the motion to withdraw the plea was correctly denied.
To the extent defendant claims that counsel coerced him to plead guilty, the claim is dehors the record and must be raised in a motion to vacate the judgment of conviction pursuant to CPL 440.10, rather than on direct appeal (see People v Wilson, 132 AD3d 786 [2015]; People v Crawford, 115 AD3d 672, 673 [2014]; People v Folger, 110 AD3d 736 [2013]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: April 13, 2016