■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENWORTH DAVIDSON, Appellant. [41 NYS3d 553]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered January 9, 2008, convicting him of murder in the first degree, criminal possession of a weapon in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention in his pro se supplemental brief, the hearing court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. The defendant's initial statement to law enforcement officials at the police station, made before *Miranda* warnings were given (*see Miranda v Arizona*, 384 US 436 [1966]), was spontaneous and not the product of custodial interrogation or its functional equivalent (*see People v Wilson*, 132 AD3d 786, 786 [2015]; *People v Latimer*, 75 AD3d 562, 563 [2010]). The defendant's remaining statements to law enforcement officials were made after he knowingly and intelligently waived his *Miranda* rights (*see People v Marsden*, 130 AD3d 945, 947 [2015]; *People v Latimer*, 75 AD3d at 563).

The defendant contends that the evidence was legally insufficient to support his conviction of murder in the first degree since the People failed to prove that he acted with intent to kill the victim. This contention is unpreserved for appellate review because the defendant, in moving for a trial order of dismissal, failed to specifically challenge the element of intent to kill (*see* CPL 470.05 [2]; *People v Powell*, 125 AD3d 1010, 1011 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of this crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of this crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant correctly contends that the People failed to provide adequate notice to him of their intention to impeach his credibility based on a prior uncharged bad act, and that the Supreme Court erred in overruling his objection and allowing cross-examination about the prior bad act (*see People v Slide*, 76 AD3d 1106, 1108 [2010]; *People v Montoya*, 63 AD3d 961, 963 [2009]). Nevertheless, under the circumstances of this case, the error did not deprive the defendant of his right to a fair trial.

The defendant's challenge to the jury charge is unpreserved for appellate review and, in any event, without merit. His challenge to the prosecutor's conduct is unpreserved for appellate review and, in any event, the challenged conduct did not deprive the defendant of a fair trial. The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.