People v Martinez (2018 NY Slip Op 08510)





People v Martinez


2018 NY Slip Op 08510


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-05988
 (Ind. No. 1105/15)

[*1]The People of the State of New York, respondent,
v
Elsa Marina Saravia Martinez, appellant.


Michael A. Ciaffa, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert Schwartz, J.), rendered May 3, 2017, convicting her of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the first degree and criminal possession of a weapon in the fourth degree after she stabbed her ex-boyfriend, causing him serious injuries.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the jury charge is unpreserved for appellate review and, in any event, without merit (see People v Davidson, 144 AD3d 938, 939).
The defendant's contention that the Supreme Court erred in permitting the People to introduce evidence that, two days before the stabbing, she threatened to cut the complainant is also without merit. That evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and as evidence of the defendant's motive and intent in the commission of the charged crimes (see People v Molineux, 168 NY 264; People v Nanand, 137 AD3d 945, 947; People v Laverpool, 52 AD3d 622, 622; People v Hanson, 30 AD3d 537, 538; People v Howe, 292 AD2d 542, 542).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court