■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BROWN, Appellant. [682 NYS2d 32] —Judgment, Supreme Court, New York County (Budd Goodman, J., at suppression motions; Nicholas Figueroa, J., at jury trial and sentence), rendered August 22, 1996, convicting defendant of criminal possession of a forged instrument in the first degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion without a hearing (*see, People v Mendoza*, 82 NY2d 415, 432-433). The People alleged that the police recovered counterfeit currency from defendant. Defendant neither admitted nor denied possession of the physical evidence prior to the seizure. Instead, defendant's motion papers alleged, in relevant part, that "according to the felony complaint", the police recovered the currency from defendant, and otherwise generally denied any illegal or suspicious conduct. Defendant's allegations did not establish any privacy interest in the currency seized, failing to confer upon him standing to move to suppress (*see, People v Barshai*, 100 AD2d 253, *lv denied* 62 NY2d 804, *cert denied* 469 US 885). Where, as here, a defendant necessarily has direct knowledge of the facts concerning what property was recovered, a failure to assert a possessory interest renders his claim of an unlawful search and seizure fatally insufficient (*People v Mendoza, supra*). Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.