THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY GONZALEZ PENA, Also Known as PEDRO JOSE SERRANO, Also Known as DANIEL PENA, Appellant. [713 NYS2d 588] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third and fourth degrees (Penal Law § 220.16 [1]; § 220.09 [1]), forgery in the second degree (Penal Law § 170.10 [1]) and criminal impersonation in the second degree (Penal Law § 190.25 [1]). The charges arose from an incident in which the police found a quantity of heroin in the basement of a building and defendant hiding nearby. Defendant contends that he was denied effective assistance of counsel principally because his attorney failed to make a pretrial motion to suppress the heroin. Defendant, however, never asserted a possessory interest in the heroin and thus lacked standing to bring the motion (*see, People v Brown,* 256 AD2d 42, *lv denied* 93 NY2d 871; *People v Mitchelle,* 253 AD2d 677, 678; *People v Cruz,* 165 AD2d 205, 208-209, *lv denied* 77 NY2d 959; *People v Barshai,* 100 AD2d 253, 255-256, *lv denied* 62 NY2d 804, *cert denied* 469 US 885). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). We reject the further contention of defendant that he was denied a fair trial by proof of two letters that he wrote while in prison. Defendant does not contest the relevancy of the letters to the forgery and criminal impersonation charges, and his contention that he was unduly prejudiced by such proof is purely speculative. The sentence is neither unduly harsh or severe. We have reviewed the remaining contentions raised in the *pro se* supplemental brief and counsel's supplemental brief concerning the admis-

sibility of the heroin and the expert testimony of the chemist. None of those contentions is preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.