■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY WILLIAMS, Appellant. [724 NYS2d 589] —Judgment, Supreme Court, New York County (Michael Obus, J., on omnibus motion; William Leibovitz, J., at jury trial and sentence), rendered June 17, 1999, convicting defendant of attempted assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second violent felony offender, to concurrent determinate terms of imprisonment of 15 years each on his convictions for attempted assault and weapons possession and 1 year on his conviction for drug possession, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied without a hearing (*see, People v Mendoza*, 82 NY2d 415). Under CPL 710.60 (3) (b), a court may summarily deny a motion to suppress physical evidence if "[t]he sworn allegations of fact do not as a matter of law support the ground alleged." Here, the motion court correctly determined that in light of the explicit claim, attributed to defendant himself, that he never possessed the physical evidence seized, the contradictory allegations of counsel elsewhere in the same affirmation, based on a number of sources, including defendant, without specification of who provided what information, did not amount to sufficient sworn allegations of fact warranting a hearing (*see, People v Brown*, 256 AD2d 42, *lv denied* 93 NY2d 871; *cf.*, *People v Arroya*, 268 AD2d 287, *lv denied* 95 NY2d 832). A defendant is not entitled to create factual issues warranting a hearing simply by contradicting himself (*cf.*, *People v Alexander*, 272 AD2d 267, 268, *lv denied* 95 NY2d 888).

Regardless of the theory defendant posits as a basis for suppression, such claim is fatally undermined by his denial of pos-

session of any physical evidence to suppress. We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.