■ The People of the State of New York, Respondent, v Reginald Sonds, Appellant. [731 NYS2d 158] —Judgment, Supreme Court, New York County (Allen Alpert, J., at suppression hearing; Micki Scherer, J., at speedy trial motion, jury trial and sentence), rendered January 10, 1997, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The record supports the motion court's findings of excludability. As to the April 12, 1996 adjournment, the People were entitled to

a reasonable period of time to prepare for a retrial, including the time necessary to obtain minutes of the prior trial (see, People v Acosta, 249 AD2d 161, lv denied 92 NY2d 892). With respect to the other adjournments at issue, there is no record support for defendant's speculative assertion that the prosecution's repeated statements of readiness were illusory (see, People v Camillo, 279 AD2d 326).

Defendant's retrial following a mistrial was not barred by double jeopardy. Defendant made an unconditional motion for a mistrial and did not withdraw that motion when the court declined to dismiss the indictment (see, Matter of Davis v Brown, 87 NY2d 626). Accordingly, defendant's mistrial motion waived any double jeopardy claim, and this case does not fall under the narrow exception to the rule that applies only when the prosecutor intentionally provokes a mistrial in order to obtain a tactical advantage (Oregon v Kennedy, 456 US 667). In this case, it is clear from the record that the prosecutor had no such intent.

Defendant's suppression motion was properly denied. Defendant was observed by the arresting officer as he ran up the street, carrying a black bag, and was being chased by at least two people, who called the officer's attention to defendant by frantically pointing at him. Defendant was, moreover, constantly looking over his shoulders as he fled his pursuers. These facts provided reasonable suspicion of criminality (People v Brown, 266 AD2d 77, lv denied 95 NY2d 794; People v Lopez, 258 AD2d 388, lv denied 93 NY2d 1022) and defendant's abandonment of the bag was not the product of unlawful police pursuit.

The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see, People v Walker, 83 NY2d 455, 458-459; People v Mattiace, 77 NY2d 269, 275-276; People v Pavao, 59 NY2d 282, 292). Defendant's prior conviction of weapon possession was probative of his credibility, and the court prevented elicitation of prejudicial facts.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, viewed as a whole, clearly warranted the conclusion that defendant was one of the robbers.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.