■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KIRK, Appellant. [812 NYS2d 492]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., on first speedy trial motion and summary denial of *Mapp/Dunaway* hearing; Charles H. Solomon, J., on second speedy trial motion; Ronald A. Zweibel, J., at *Wade/Huntley* hearing, jury trial and sentence), rendered March 4, 2004, convicting defendant of robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 25 years, 25 years, 15 years, 15 years and 7 years, unanimously affirmed.

The respective courts properly denied defendant's speedy trial motions. The record supports each court's findings as to the excludability of the time periods at issue. In particular, we note that the first motion court correctly concluded, based on the submissions before it (*see People v Reyes*, 240 AD2d 165, 166 [1997], *lv denied* 90 NY2d 942 [1997]), that defendant consented to the periods of delay from August 9 to October 18, 2002, which were for the purpose of plea negotiations. Although defendant's initial motion sought release from custody under CPL 30.30 (2) rather than dismissal under CPL 30.30 (1), it turned on the same issues of excludability as any other speedy trial motion (*see* CPL 30.30 [4]). Accordingly, the second motion court

properly declined to permit defendant to relitigate issues already resolved by the first motion court (*see People v Evans*, 94 NY2d 499, 502-505 [2000]). We have considered and rejected defendant's remaining speedy trial arguments.

A note from the deliberating jury unambiguously requested nothing more than trial exhibits in evidence. Therefore, when the court ordered those exhibits delivered to the jury, in accordance with the parties' prior agreement (*see* CPL 310.20 [1]), it did not violate defendant's right to be present (*see People v Damiano*, 87 NY2d 477, 487 [1996]).

The court properly denied the *Mapp/Dunaway* branch of defendant's suppression motion without a hearing since his factual assertions were insufficient given the information available to him concerning the reason for his arrest (*see People v Jones*, 95 NY2d 721, 728-729 [2001]). Furthermore, a portion of his own statement to the police, which he did not controvert in his moving papers, itself established probable cause for his arrest for possession of a weapon (*see People v Lopez*, 5 NY3d 753 [2005]).

The court properly denied defendant's motion to suppress identification testimony. The fact that defendant was in handcuffs and in the presence of police officers did not render the victim's showup identification, made in close temporal and spatial proximity to the crime, unduly suggestive (*see e.g. People v Smith*, 271 AD2d 332 [2000], *lv denied* 95 NY2d 871 [2000]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.