(September 21, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY JENKINS, Appellant. [822 NYS2d 239]—

Appeal from judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered April 19, 2004, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of 16 years, held in abeyance, and the matter remanded to Supreme Court, New York County, for a *Mapp/Dunaway* hearing.

This appeal was previously before us. On April 18, 2006, this Court affirmed defendant's robbery conviction (28 AD3d 322 [2006]), specifically holding that defendant's motion to suppress physical evidence was properly denied on the ground that his factual allegations did not establish a legal basis for the motion (CPL 710.60 [1]). As the parties' original briefs and appellate record make clear, this determination was predicated on defendant's failure to allege that the robbery proceeds were recovered from his person. In short, we required defendant to admit possession of the robbery proceeds in order to establish standing to seek suppression thereof. At the time we decided that appeal, there was precedent from this Court supporting such a requirement (*see People v Burton*, 16 AD3d 241 [2005]; *People v Brown*, 256 AD2d 42 [1998]).

Two weeks after our original decision on this appeal, the Court of Appeals reversed our summary denial of the defendant's motion to suppress in *Burton* (6 NY3d 584 [2006]). Rejecting our holdings in *Burton* and *Brown*, the Court ruled that a defendant is not required to personally admit possession of contraband in order to comply with the pleading requirements of CPL 710.60 (1). Instead, the statute permits a defendant to supplement his or her own allegations of an illegal

search with a prosecution witness's statement (usually a police officer's) that the contraband was recovered from the defendant's person (*id.* at 589).

Defendant moved for reargument in light of *Burton*. Because the allegations made by defendant in support of his motion to suppress are not legally distinguishable from those made in *Burton*, and the Court of Appeals has now made clear that a defendant's failure to admit possession of physical evidence sought to be suppressed is not required under CPL 710.60, reargument should be granted. Notably, the People consent to reargument, and to defendant's request that we hold the appeal in abeyance and remand to Supreme Court for a *Mapp/Dunaway* hearing. In light of *Burton* and the parties' agreement, we grant the relief requested. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.

Reargument granted, and upon reargument, the decision and order of this Court entered on April 18, 2006 (28 AD3d 322 [2006]) recalled and vacated and a new decision and order substituted therefor.