■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE O. DAVILA, Appellant. [830 NYS2d 117]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearing; Martin Marcus, J., at jury trial and sentence), rendered February 23, 2005, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 14 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility and identification (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Credible evidence that defendant held a sharp, shiny object to the victim's neck and threatened to kill her if she did not give up her property established the element of use or threatened immediate use of a dangerous instrument (*see e.g. People v Anderson*, 204 AD2d 191 [1994], *lv denied* 85 NY2d 905 [1995]).

The court properly denied defendant's suppression motion. The police did not stop defendant solely on the basis of an unspecified description. After receiving a report of a violent crime that had just been committed in a park, the police saw defendant, who fit an unspecified description of the perpetrator, near the park. Defendant was being pursued by two people, who called the officer's attention to defendant by frantically pointing at him, and defendant walked quickly away when an officer asked him to stop. The inference to be drawn from the fact that the pursuers were seeking to *attract* police attention while the pursued was seeking to *avoid* it was obvious. These facts provided reasonable suspicion of criminality (*see e.g. People v Brown*, 266 AD2d 77 [1999], *lv denied* 95 NY2d 794 [2000]), warranting a forcible detention for the purpose of identification by the victim (*see People v Allen*, 73 NY2d 378 [1989]). The fact that defendant was in handcuffs and in the presence of police officers did not render the victim's showup identification, made in close temporal and spatial proximity to the crime, unduly suggestive (*see e.g. People v Kirk*, 27 AD3d 383 [2006], *lv denied* 6 NY3d 895 [2006]). We have considered and rejected defendant's remaining arguments concerning identification evidence.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.