(October 11, 2007)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY JENKINS, Appellant. [843 NYS2d 235]—

Judgment, Supreme Court, New York County (William A.

Wetzel, J.), rendered April 19, 2004, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of 16 years, unanimously affirmed.

This matter was previously before us on two occasions. On April 18, 2006, this Court affirmed defendant's robbery conviction on direct appeal, rejecting each of defendant's appellate arguments (28 AD3d 322 [2006]). However, on September 21, 2006, upon consent of the parties, we granted defendant's application for reargument, vacated our April 18, 2006 decision, held the appeal in abeyance and remanded the matter to Supreme Court for a *Mapp/Dunaway* hearing (32 AD3d 745 [2006]). That hearing was held by Supreme Court, and defendant's motion to suppress physical evidence was denied. It is this determination that is now before us.

The evidence at the suppression hearing established that in the early morning hours of November 5, 2003, Police Officers Gallagher and Shannon were on patrol near 57th Street and 10th Avenue in Manhattan. They were on the lookout for two black men who had been perpetrating pattern robberies in delicatessens in the area, involving the use of a getaway car. At approximately 2:00 A.M., the officers saw two black men exiting a delicatessen, one of whom was removing a ski mask. A man followed them out of the store, looked at the officers, and then pointed at the two black men. The officers followed the two men in their police car, eventually observing them attempting to enter a parked car around the corner. When they were unsuccessful, the men looked at the police car and then fled. The pursuing officers put a description of the two men over the radio, and eventually cornered them on 59th Street, between 9th and 10th Avenues, with the help of another police unit. Defendant and codefendant Anthony Miles were apprehended at gunpoint, and a ski mask and a wallet belonging to one of the delicatessen employees were recovered from defendant.

The defense introduced a surveillance video of the robbery, which indicated that the second man leaving the delicatessen after the robbery was not wearing a ski mask.

In an oral decision, the court denied the motion to suppress, finding that the police had overwhelming probable cause to believe that the two men had committed a robbery. The court cited Gallagher's observation of one of the perpetrators removing a ski mask, which clearly indicated criminality, and the fact that the incident fit the pattern of armed robberies in the area.

On this appeal, defendant argues that the court erred in finding that his arrest was supported by probable cause. We dis-

agree. When the officers observed one of the two men removing a ski mask while exiting a delicatessen at 2:00 A.M. in an area that had been the subject of similar pattern robberies, they possessed, at the very least, a founded suspicion of criminal activity, thereby justifying an inquiry (*People v Turner*, 275 AD2d 924 [2000], *lv denied* 95 NY2d 939 [2000]). The hearing court properly credited Gallagher's testimony that he observed one of the men removing a ski mask, notwithstanding the fact that a portion of the surveillance video revealed the same man as bareheaded. The credibility determinations made by the hearing court are entitled to great deference (*People v Rosario*, 275 AD2d 224, 225 [2000], *lv denied* 95 NY2d 938 [2000]), and the record leaves open the possibility that defendant removed his mask immediately prior to being captured on video.

Once the man came out of the delicatessen, saw the police, and pointed at the two men, the officers' suspicions were elevated to provide reasonable suspicion that the two men had committed a crime (*see People v Davila*, 37 AD3d 305, 306 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Sonds*, 287 AD2d 319, 320 [2001], *lv denied* 97 NY2d 709 [2002]). Although reasonable suspicion constituted a sufficient predicate for the gunpoint seizure of defendant and his accomplice (*see People v Moore*, 6 NY3d 496, 499 [2006]), the defendants' subsequent attempt to enter a vehicle parked around the corner and their ensuing flight from the police gave rise to probable cause to arrest. As the police conduct in this case was justified at its inception and reasonably related in scope to the circumstances that rendered its initiation permissible (*People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Cantor*, 36 NY2d 106, 111 [1975]), the motion to suppress was properly denied.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). There was an extensive chain of evidence establishing defendant's guilt.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were generally responsive to the defense summation, were fair comment based upon the evidence and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.