THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MEARS, Appellant. [866 NYS2d 75]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on speedy trial motion; Joan C. Sudolnik, J., at jury trial and sentence), rendered August 22, 2005, convicting defendant of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice.

As an alternative holding, we also reject it on the merits. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly denied defendant's speedy trial motion. We reject defendant's assertion that all of the time between the declaration of a mistrial at defendant's first trial and the commencement of the second trial was chargeable to the People because they never declared their readiness. On the contrary, adjournments necessitated by trial counsel's numerous absences and by defendant's trial on other charges were excludable (*see* CPL 30.30 [4] [a], [f]; *People v Reed*, 19 AD3d 312, 318 [2005], *lv denied* 5 NY3d 832 [2005]; *People v Mannino*, 306 AD2d 157 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Brown*, 195 AD2d 310, 311 [1993], *lv denied* 82 NY2d 891 [1993]). Additionally, the adjournment from May 19, 2004, the day of the declaration of the first mistrial, to June 2, 2004, the next court date, was set down for "control purposes" and, as defendant conceded, this period was not chargeable to the People, who were entitled to a reasonable time to prepare for retrial (CPL 30.30 [4] [a]; *People v Sonds*, 287 AD2d 319 [2001], *lv denied* 97 NY2d 709 [2002]).

The court properly denied without a hearing defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence, based on the recantation affidavit of one of the prosecution witnesses. This witness's affidavit was inherently unreliable, especially as she lived in the same building as defendant's girlfriend, and as it contradicted her statement on the night of the incident as well as her testimony before the grand jury and at defendant's first and second trials (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Cintron*, 306 AD2d 151 [2003], *lv denied* 100 NY2d 641 [2003]; *People v Bermudez*, 243 AD2d 367 [1997], *lv denied* 91 NY2d 923 [1998]). Defendant's claim under *Brady v Maryland* (373 US 83 [1963]) is based on the same unreliable affidavit. In any event, even assuming the truth of the allegations, the *Brady* claim is still without merit.

Defendant's arguments concerning the grand jury presentation are meritless. Defendant's challenge to the trial court's justification charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.