THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT L. RUSSELL, Appellant. [896 NYS2d 795]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered August 22, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, unlawful imprisonment in the first degree and predatory sexual assault.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of rape in the first degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault (Penal Law § 130.95 [1] [b]), rape in the first degree (§ 130.35 [1]) and unlawful imprisonment in the first degree (§ 135.10), defendant

contends that the conviction is not supported by legally sufficient evidence. Defendant failed to preserve that contention for our review with respect to the rape conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject defendant's contention with respect to the remaining two crimes (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). With respect to the crime of predatory sexual assault under Penal Law § 130.95 (1) (b), a defendant must, inter alia, use or threaten the immediate use of a dangerous instrument, and defendant contends that the evidence is legally insufficient to establish that he did so. We reject that contention. The victim testified that, prior to raping her, defendant held what appeared to be a knife near her neck and face. Although the victim was not certain that what she observed was a knife, she believed that whatever defendant held could be used to hurt her. With respect to the crime of unlawful imprisonment in the first degree, a defendant must "restrain[ ] another person under circumstances which expose the latter to a risk of serious physical injury" (§ 135.10), and the testimony concerning what the victim believed to be a knife or an item that could be used to hurt her is legally sufficient to establish that she was exposed to a risk of serious physical injury while being restrained. We thus conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; *see People v Davila,* 37 AD3d 305 [2007], *lv denied* 9 NY3d 842 [2007]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant also contends that the verdict is repugnant inasmuch as he was acquitted of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) but was convicted of predatory sexual assault and unlawful imprisonment in the first degree. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, however, rape in the first degree is an inclusory concurrent count of predatory sexual assault (*see People v Scott*, 61 AD3d 1348, 1349-1350 [2009], *lv denied* 12 NY3d 920 [2009], *denied reconsideration* 13 NY3d 799 [2009]), and thus that part of the judgment convicting defendant of rape in the first degree must be reversed and count two of the indictment dismissed. We therefore modify the judgment accordingly. Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.