■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL JOSEPH, Appellant. [994 NYS2d 85]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at Darden hearing; Robert M. Stolz, J., at suppression hearing; Michael R. Sonberg, J., at plea and sentencing), rendered February 8, 2012, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of six years, unanimously affirmed.

Defendant's suppression motion was properly denied. Drug enforcement task force officers received information from a confidential informant, who testified at a hearing pursuant to

*People v Darden* (34 NY2d 177 [1974]). The informant provided reliable information that the target of the investigation (a person other than defendant) was trafficking in narcotics from his apartment, and this was confirmed by behavior observed by the officers during several months of surveillance. These police observations established, circumstantially, that the drug activity was ongoing, and that it continued up to the time of defendant's arrest. Accordingly, there was sufficient evidence that the informant's information had not become stale, and we reject defendant's arguments to the contrary.

On the night of the arrest the officers saw the target take a white plastic bag of "some weight" from his apartment and drive a lengthy distance to a high crime area, where defendant approached the car, engaged in a very brief conversation with the target, and then removed the white bag from the rear of the car. Based on their experience and training as well as their knowledge that the target was involved in narcotics trafficking, the officers reasonably concluded that defendant had received illegal drugs from the target. Although, if viewed in isolation, the generic bag could have been innocuous, it clearly indicated the presence of a drug transaction when viewed in context. Accordingly, the police had probable cause to arrest defendant (*see People v DiMatteo*, 62 AD3d 418 [1st Dept 2009]).

The record also supports the suppression hearing court's alternative holding that even if the officers did not have probable cause to arrest defendant, they had reasonable suspicion that a crime had occurred based on the totality of their information and observations, and therefore were entitled to make a forcible stop. Defendant's flight from the officers, after they had identified themselves, and his struggle when they tried to stop him, elevated the officers' suspicions and provided probable cause regardless of whether it already existed (*see e.g. People v Jenkins*, 44 AD3d 400, 402 [2007], *lv denied* 9 NY3d 1007 [2007]).

Defendant's procedural arguments do not warrant a remand for further suppression proceedings. The report issued by the *Darden* court and the scope of cross-examination at the suppression hearing were both adequate to protect defendant's rights under the circumstances of the case, given, among other things, the risk of disclosure of the informant's identity. The particular point in time when the informant ceased providing information about the target's drug activity was not necessary to a determination of the suppression hearing, because, as discussed above, police observations established circumstantially that the information was not stale. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.