■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SIMONS, Appellant. [5 NYS3d 377]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered August 17, 2012, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the third degree, assault in the second degree and three counts of grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 40 years to life, unanimously modified, on the law, to reduce the sentence

on the weapon conviction to 3½ to 7 years, and the sentences on each grand larceny conviction to 2 to 4 years, and substitute second felony offender adjudications as to those convictions in place of persistent violent felony offender adjudications, and, as a matter of discretion in the interest of justice, to run all sentences concurrently, resulting in an aggregate term of 20 years to life, and otherwise affirmed.

We reject defendant's argument that the verdicts convicting him of robbery in the first degree, burglary in the first degree, assault in the second degree and criminal possession of a weapon in the third degree were against the weight of the evidence with respect to the dangerous instrument element required for each of those charges (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The victim testified that defendant used a pen knife to cut him on his ears, neck, and body, that defendant then jabbed him with scissors, stabbed him with a syringe, and repeatedly threatened to kill him if he did not cooperate during the incident. This evidence established the element of use or threatened use of a dangerous instrument element required for each charge (*see People v Davila*, 37 AD3d 305 [1st Dept 2007], *lv denied* 9 NY3d 842 [2007]), as that element is defined in Penal Law § 10.00 (13). There is no basis for disturbing the jury's credibility determinations. Moreover, the victim's testimony was largely corroborated by photographs and medical evidence regarding his injuries.

Furthermore, the court properly declined to submit lesser included offenses not requiring the dangerous instrument element. There was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the corresponding greater offenses without wielding at least one object that qualified as a dangerous instrument under the statutory definition and the facts presented (*see People v James*, 11 NY3d 886, 888 [2008]).

As the People concede, defendant was improperly sentenced as a persistent violent felony offender on his convictions of criminal possession of a weapon in the third degree and grand larceny in the fourth degree, since these crimes are not violent felony offenses. Accordingly, the sentences on those convictions are reduced as indicated. We also find the aggregate sentence to be excessive to the extent indicated. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.