People v Rosa (2018 NY Slip Op 06319)





People v Rosa


2018 NY Slip Op 06319


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


1638/13 -7163 7162 7161

[*1]The People of the State of New York, Respondent,
v
Santo Rosa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at speedy trial motion; Mark Dwyer, J. at jury trial and sentencing), rendered July 22, 2015, as amended August 4, 2017, convicting defendant of two counts each of aggravated family offense and criminal contempt in the second degree, and sentencing him to an aggregate term of one year, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the order of protection and remanding for a new determination of its duration, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's fact-finding determinations. The fact that the jury acquitted defendant of the charges involving his wife's order of protection, while convicting him of the charges involving his children's order, does not warrant a different conclusion. While, in performing our weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]). In any event, the jury could have reasonably concluded that defendant intentionally violated the order of protection entered in favor of his children, while also crediting testimony suggesting that he thought his wife's order of protection had expired.
Because defendant made a generalized CPL 30.30 motion and did not, by way of timely reply or otherwise, challenge the People's specifically claimed exclusions, his speedy trial claims have not been preserved (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Beasley, 16 NY3d 289, 292 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we find that none of the three periods of delay at issue on appeal was chargeable to the People (see People v Mears, 55 AD3d 439, 440 [1st Dept 2008], lv denied 11 NY3d 927 [2009]). A hearing on the motion was not required because there were no issues of fact for the court to resolve, inasmuch as defendant made mere conclusory assertions in support of his motion (see CPL 210.45[5]; People v Simmons, 135 AD3d 1193, 1194-1195 [3d Dept 2016], lv denied 27 NY2d 1006 [2016]).
The counts charging aggravated family offense were not jurisdictionally defective. The relevant counts in the indictment included all the elements of that crime, including that defendant committed a misdemeanor as specified by Penal Law § 240.75(2), because it "unmistakably identified the specified offense' [second-degree criminal contempt] defendant was alleged to have committed by stating its definition, albeit without identifying it by section number" (People v Parilla, 145 AD3d 629, 629-630 [1st Dept 2016], lv denied 29 NY3d 951 [2017]; see also People v Brooks, 159 AD3d 401, 401 [1st Dept 2018], lv denied 31 NY3d 1079 [2018]).
As the People concede, the expiration date of the order of protection is beyond the period permitted by statute, and a new determination is necessary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK