People v Rawlinson (2019 NY Slip Op 06354)





People v Rawlinson


2019 NY Slip Op 06354


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


750 KA 19-00476

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
GREGORY RAWLINSON, DEFENDANT-RESPONDENT. 






SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR APPELLANT. 
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), dated November 19, 2018. The order granted that part of defendant's omnibus motion seeking to reduce the sole count of the indictment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss or reduce the sole count of the indictment is denied, that count of the indictment is reinstated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss or reduce the sole count of the indictment, on the ground of legally insufficient evidence before the grand jury, by reducing that count from attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) to attempted robbery in the third degree (§§ 110.00, 160.05). We agree with the People that County Court erred in granting that part of defendant's omnibus motion, and we therefore reverse.
As relevant here, "[a] person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he [or she] . . . [u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]). To establish the person's guilt under the statute, the People are required to prove that the person actually possessed a dangerous instrument at the time of the crime (see People v Grant, 17 NY3d 613, 617 [2011]; People v Ford, 11 NY3d 875, 877-878 [2008]; People v Pena, 50 NY2d 400, 407 [1980], rearg denied 51 NY2d 770 [1980], cert denied 449 US 1087 [1981]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime" (§ 110.00; see People v Barbuto, 126 AD3d 1501, 1503 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]).
Here, the victim testified at the grand jury proceeding that a man later identified as defendant followed him as he was walking down a street at night and that, following a brief interaction, defendant threw his arms around the victim's shoulder blades, attempted to "bear hug" the victim, and told the victim that he was being robbed. After defendant dropped his right arm around the victim's waist and then pulled that arm toward the victim's stomach, the victim observed a "small silver ring" in defendant's hand. Although the victim did not see the blade of a knife at that time, he thought that defendant had a knife based upon his observation of the shiny, metal object in defendant's hand that defendant tried to press against or jab toward the victim's stomach. After the victim was able to pull away from defendant and warn him not to further approach, defendant walked away, and the victim called the police to report the crime and provide a description of the suspect. A police officer who responded a few minutes later testified that he apprehended defendant a couple blocks away carrying a Swiss Army knife with the blade [*2]extended.
Contrary to the court's determination, even to the extent the victim testified that he did not actually see a knife, we conclude that the victim's testimony regarding his observation of the object in defendant's hand during the encounter and the officer's testimony regarding defendant's apprehension close in time and place while carrying a knife is legally sufficient to support a prima facie case of robbery in the first degree with respect to defendant's actual possession of a dangerous instrument (see Pena, 50 NY2d at 408-409; People v Davila, 37 AD3d 305, 306 [1st Dept 2007], lv denied 9 NY3d 842 [2007]; People v Hallums, 157 AD2d 800, 801 [2d Dept 1990], lv denied 75 NY2d 919 [1990]; People v Lawrence, 124 AD2d 597, 597-598 [2d Dept 1986], lv denied 69 NY2d 713 [1986]). Defendant nonetheless challenges the sufficiency of the evidence on the ground that the victim's further testimony that he "guess[ed]" what he saw "was the edge of [defendant's] Swiss Army knife that he had" constitutes inadmissible hearsay because the victim was repeating information that he must have obtained from the police regarding the precise nature of the object in defendant's possession. Even assuming, arguendo, that such further testimony by the victim constituted inadmissible hearsay, we note that "the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (People v Huston, 88 NY2d 400, 409 [1996]), and that is not the case here given the sufficiency of the remaining evidence previously mentioned.
Finally, to the extent that defendant contends as an alternative ground for affirmance that the proceeding was defective because the prosecutor inadequately instructed the grand jury on the law, we have no authority on this appeal by the People to consider that contention inasmuch as it does not involve an error or defect that "may have adversely affected the appellant" (CPL 470.15 [1]; see People v Karp, 76 NY2d 1006, 1008-1009 [1990]; People v Blauvelt, 156 AD3d 1333, 1334 [4th Dept 2017], lv denied 31 NY3d 981 [2018]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court