People v Baez (2019 NY Slip Op 06294)





People v Baez


2019 NY Slip Op 06294


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


582 KA 17-00968

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD BAEZ, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered September 29, 2016. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault (two counts), predatory sexual assault against a child (two counts), rape in the first degree, rape in the third degree, criminal sexual act in the third degree and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of rape in the first degree and dismissing count one of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), and two counts each of predatory sexual assault against a child (§ 130.96) and predatory sexual assault (§ 130.95 [2]). We reject defendant's contention that he was subjected to custodial interrogation by Rochester police investigators who did not provide Miranda warnings and that County Court (Ciaccio, J.) therefore erred in refusing to suppress the statements that he made to them. "In determining whether a defendant was in custody for Miranda purposes, [t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position' " (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012], quoting People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]). Here, upon review of the relevant factors (see People v Lunderman, 19 AD3d 1067, 1068-1069 [4th Dept 2005], lv denied 5 NY3d 830 [2005]) and giving due deference to the hearing court's credibility determinations (see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]), we conclude that "the evidence at the Huntley hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required" (People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; see People v Rounds, 124 AD3d 1351, 1352 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]). Specifically, the evidence establishes, inter alia, that defendant was told at the start of the interview that he was not under arrest and would be going home that day (see Bell-Scott, 162 AD3d at 1559; People v Cordato, 85 AD3d 1304, 1309 [3d Dept 2011], lv denied 17 NY3d 815 [2011]), and the recording of the interview belies defendant's contention that he was in handcuffs when he was placed in the interview room. Defendant concedes that he indeed was not arrested at the time of the interview, and that he was given a ride home later that day. We reject defendant's contention that, because a police officer testified that defendant was not free to leave during transport to the police station, the court erred in concluding that defendant was not in custody. A police officer's subjective belief
" has no bearing on the question whether a suspect was in custody at a particular time . . . [and] the subjective intent of the officer . . . is irrelevant' where, as here, there is no evidence that such subjective intent was communicated to the defendant" (Thomas, 166 AD3d at 1500). Contrary to defendant's further contention, Miranda warnings were not required before the investigators [*2]asked pointed questions. It is well settled that "both the elements of police custody' and police interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Anthony, 85 AD3d 1634, 1635 [4th Dept 2011], lv denied 17 NY3d 813 [2011]), and the element of custody was absent here. We have considered defendant's remaining contentions with respect to the statements that he gave to the police, and we conclude that they lack merit.
We also reject defendant's contention that reversal is required based on the actions of the trial court (Morse, A.J.) with respect to the expert who testified for the People regarding the child sexual abuse accommodation syndrome (CSAAS). Assuming, arguendo, that defense counsel signed and filed a motion seeking an adjournment of the trial due to the untimely nature of the People's notice of intent to offer that expert testimony, we note that defense counsel "did nothing to call the court's attention to its failure to rule on such application[], and thus he abandoned the issue" (People v Ramos, 35 AD3d 247, 247 [1st Dept 2006], lv denied 8 NY3d 926 [2007]; see People v Green, 19 AD3d 1075, 1075 [4th Dept 2005], lv denied 5 NY3d 828 [2005]; see also People v Graves, 85 NY2d 1024, 1027 [1995]). Defendant's challenge to the court's instructions to the jury during that witness's testimony is not preserved for our review inasmuch as the court "provided [] curative instruction[s] that, in the absence of an objection or a motion for a mistrial, must be deemed to have corrected the error to the defendant's satisfaction' " (People v Szatanek, 169 AD3d 1448, 1449 [4th Dept 2019], lv denied 33 NY3d 981 [2019], quoting People v Heide, 84 NY2d 943, 944 [1994]; see People v Marvin, 162 AD3d 1744, 1745 [4th Dept 2018], lv denied 32 NY3d 1066 [2018]). Defendant also failed to preserve his contention that the court erred in curtailing defense counsel's questioning of that witness. Although the court sustained the prosecutor's objection to one of defense counsel's questions of that witness and provided an immediate and thorough instruction to the jury, it then informed defense counsel that it was "not saying you can't ask the exact same question again." The issue was abandoned by defendant's failure to pursue the line of questioning (see generally Graves, 85 NY2d at 1027; People v Carrasquillo, 85 AD3d 1618, 1619 [4th Dept 2011], lv denied 17 NY3d 814 [2011]). We further conclude that defendant failed to preserve for our review his contention that the court interfered unnecessarily during the questioning of certain witnesses, thereby depriving him of a fair trial (see People v Paulk, 107 AD3d 1413, 1415 [4th Dept 2013], lv denied 21 NY3d 1076 [2013], reconsideration denied 22 NY3d 1157 [2014]; People v Zeito, 302 AD2d 923, 924 [4th Dept 2003], lv denied 99 NY2d 634 [2003]). Contrary to defendant's contention, his CPL 330.30 motion did not preserve his contentions for our review (see generally People v Malave, 52 AD3d 1313, 1314 [4th Dept 2008], lv denied 11 NY3d 790 [2008]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the rape in the first degree count should be dismissed because it is an inclusory concurrent count of the predatory sexual assault counts. The People correctly concede that rape in the first degree is an inclusory concurrent count of predatory sexual assault, and thus that part of the judgment convicting defendant of rape in the first degree must be reversed and count one of the indictment dismissed (see People v Russell, 71 AD3d 1589, 1590 [4th Dept 2010], lv denied 15 NY3d 756 [2010]). We therefore modify the judgment accordingly. Contrary to defendant's additional contention, however, that dismissal does not require dismissal of the predatory sexual assault against a child counts. Penal Law § 130.96 requires that the defendant commit the crime of rape in the first degree, not that he or she be convicted of it, and thus a defendant may be convicted of predatory sexual assault against a child regardless of whether he or she is convicted of the underlying offense (see e.g. People v Lawrence, 81 AD3d 1326, 1326 [4th Dept 2011], lv denied 17 NY3d 1326 [2011]).
Defendant also failed to preserve his contention that the court failed to respond properly to a jury note requesting further instructions on the first three counts of the indictment, because the court did not read the instructions on the lesser included offenses regarding those counts. In any event, there is no error "in denying a[n] instruction on [a lesser included offense] in the supplemental charge to the jury inasmuch as the jury did not ask for reinstruction on that issue but only on the elements of the crime[s] charged" (People v Allen, 69 NY2d 915, 916 [1987]).
Contrary to defendant's contention, he was not deprived of effective assistance of counsel by defense counsel's failure to again seek an instruction on any lesser included offenses when the [*3]court reinstructed the jurors on the elements of the first three counts. With respect to a claim of ineffective assistance of counsel, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]). The determination whether to seek a jury charge on a lesser included offense is a quintessentially tactical determination (see generally People v Tineo-Santos, 160 AD3d 465, 466-467 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]), and defendant failed to show the absence of a strategic basis for defense counsel's choice not to again demand an instruction regarding the lesser charges (see People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v Trotman, 154 AD3d 1332, 1333 [4th Dept 2017], lv denied 30 NY3d 1109 [2018]). We also reject defendant's contention that he was otherwise denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, including defendant's acquittal on numerous counts in the indictment, we conclude that defendant received meaningful representation (see generally People v Flores, 84 NY2d 184, 186-187 [1994]; People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that his conviction of rape in the first degree is not supported by legally sufficient evidence with respect to the element of forcible compulsion (see Penal Law § 130.35 [1]; People v Hryckewicz, 221 AD2d 990, 990 [4th Dept 1995], lv denied 88 NY2d 849 [1996]), inasmuch as defendant failed to set forth that specific ground in his general motion for a trial order of dismissal (see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject defendant's contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Defendant's contentions are based on the credibility of the two victims, and we conclude that the "[i]ssues of credibility . . . , including the weight to be given the backgrounds of the People's witnesses and inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations" (People v Garrick, 11 AD3d 395, 396 [1st Dept 2004], lv denied 4 NY3d 744 [2004], reconsideration denied 4 NY3d 798 [2005]).
Defendant further contends that the court erred in relying on materially untrue information in imposing sentence, i.e., an incorrect statement of the age of one victim and a misstatement of the charges in the presentence report. With respect to the court's statement that one victim was several months younger than her actual age at the time of one offense, defendant failed to establish that the discrepancy, which was no more than a few months and had no statutory impact on the sentence, was material. Defendant therefore failed to establish that he was "sentenced on the basis of materially untrue assumptions or misinformation" (People v Naranjo, 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]). Furthermore, even assuming, arguendo, that the presentence report contained " materially untrue' facts or misinformation" (People v Hansen, 99 NY2d 339, 345 [2003]), we conclude that the record, including the court's statements during resentencing when it reimposed the same sentence after discovering an error regarding postrelease supervision, establishes that the sentence was not based upon that misinformation.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court